IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SANDY DRUMMOND,            :
                          :    C.A. No. K20C-07-023 WLW
            Plaintiff,     :
                          :
                          :
    v.                     :
                          :
                          :
DR. ISLAM J. AL JUNAIDI, M.D.  :
and BAYHEALTH MEDICAL     :
CENTER, INC.,             :
                          :
            Defendants.    :


Submitted: July 30, 2020
Decided: September 17, 2020

**ORDER**

Upon Defendants' Motions for Review
of Plaintiff's Affidavit of Merit
*Deferred.*


Mr. Sandy Drummond, *pro se.*

Thomas J. Marcoz, Jr., Esquire and Catherine M. Cramer, Esquire of Marshall Dennehey warner Coleman & Goggin, Wilmington, Delaware; attorneys for Defendant Islam J. Al Junaidi, M.D.

James E. Drnec, Esquire and Katherine J. Sullivan, Esquire of Wharton Levin Ehrmantraut & Klein, P.A., Wilmington, Delaware; attorneys for Defendant Bayhealth Medical Center, Inc.


WITHAM, R.J.

Before the Court are the Defendants Bayhealth Medical Center (hereinafter "Bayhealth") and Islam J. Al Junaidi, MD's (hereinafter "Dr. Junaidi") Motions for Review of Plaintiff's Affidavit of Merit and Plaintiff Sandy Drummond's (hereinafter "Drummond") response. Drummond filed his complaint with this Court on July 14, 2020, against Bayhealth and Dr. Junaidi. In his complaint, Drummond asserted that medical malpractice occurred leading to failure to adhere to standard of care during treatment and care which led to physical injury. Bayhealth filed its Motion on July 24, 2020, that requested it be allowed to test Drummond's Affidavit of Merit. Dr. Junaidi filed his motion on July 30, 2020, that requested the same. For the reasons set forth below, Bayhealth's and Dr. Junaidi's motions are deferred pending compliance with the statute by Drummond.

## A. Factual Background and Procedure

The facts recited are those as alleged in Drummond's complaint.[1] During the days of April 14 to 19, 2017, Drummond was admitted to Bayhealth Kent General Hospital for asthma exacerbation. During this time, Drummond was treated by Dr. Junaidi because Drummond's primary care doctor was unavailable due to vacation. Drummond's treatment involved receiving doses of three different drugs, Levaquin, Advair, and Prednisolone. Drummond is allergic to Levaquin. After receiving doses of these drugs, Drummond complained to Dr. Junaidi and hospital staff that he was having a negative reaction. The symptoms Drummond described were hives, body pain, joint pain, loss of hair, and a skin rash on his back. After relaying these

---

[1] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894 at 896 - 97 (Del. 2002) ("All well-pleaded factual allegations are accepted as true").

symptoms to Dr. Junaidi and hospital staff, Drummond was told to allow the medications time to work.

Drummond filed his complaint on July 14, 2020. Bayhealth subsequently filed a Motion for Summary Judgment on July 22, 2020 and then a Motion to Test Affidavit of Merit on July 24, 2020. Dr. Junaidi filed his Motion for Summary Judgment and Motion to Review Plaintiff's Affidavit of Merit on July 30. Drummond replied to Bayhealth's two motions on August 4, 2020, and then he replied to Junaidi's motions on August 18, 2020.

## B. Standard of Review

Delaware statute demands that "[n]o health-care negligence lawsuit shall be filed in this State unless the complaint is accompanied by...[a]n affidavit of merit."[2] This affidavit must be prepared by a board certified physician, practicing in the same field as the allegedly negligent party.[3] A plaintiff must file an affidavit of merit–signed by the preparer, along with the signee's curriculum vitae–stating there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant, and including expert medical testimony detailing the applicable standard of care, the alleged deviation from the standard, and the causal link between the deviation and the alleged injury.[4] Without proper affidavit, a

---

[2] 18 Del. C. Section 6853(a)(1).

[3] 18 Del. C. Section 6853(c).

[4] *Enhaili v. Patterson*, 2018 WL2272767 at *2 (Del. Super. April, 23, 2018) citing 18 Del. C. Sec. 6853(a)(1); See also *Green v. Weiner*, 766 A.2d 492 at 494 - 95 (Del. 2001).

complaint sounding in medical negligence is insufficient and the statute of limitations will not be tolled.[5]

Pro se plaintiffs are not excused from the requirements of 18 Delaware Code Section 6853(a)(1) or © because the purpose of the statutes is to "require that expert medical testimony be presented to allege a deviation from the applicable standard of care."[6]

## C. Discussion

There is no question that Drummond has failed to file an Affidavit of Merit or for an extension of time to file one. As Bayhealth's Motion points out, "the Court may grant a 60-day extension for an Affidavit of Merit upon a timely-filed motion, [but] such motion is only timely if filed on or before the filing date the plaintiff seeks to extend."[7] Drummond neither filed a timely motion for extension nor submitted an Affidavit of Merit when he filed his complaint. This failure to adhere to procedure, as Bayhealth points out in its motion, necessitates a dismissal of Drummond's case; however, "judges should be reluctant to dismiss cases for procedural mistakes by counsel except as a last resort."[8]

In many cases dealing with this same issue, the pro se plaintiff has usually been

---

[5]*Id.* citing *Benson v. Mow*, 2014 WL7007758 at *2 (Del. Super. Dec. 4, 2014).

[6]*Enhaili*, supra at n. 35 quoting *Adams v. Luciani*, 846 A.2d 237 at *2 (Del. 2003) (TABLE). See also *Smith v. Kobasa*, 2015 WL1903546 at *2 (Del. 2015) ("[P]ro se status does not excuse [plaintiff's] failure to comply with the statutory requirements and the Superior Court's orders").

[7]Def.'s (Bayhealth) Motion to Test Affidavit of Merit, para. 4.

[8]*Dishmon v. Fucci*, 32 A.3d 338 at 345 (Del. 2011).

4

afforded two or even three tries.[9] Here, Drummond has not made any attempt to ask for an extension of time. Drummond wishes to establish the merits of his case through providing his medical record as it pertains to this case as exhibits to his replies to Dr. Junaidi and Bayhealth. This is plainly insufficient to satisfy Delaware statutory requirements when filing a medical malpractice suit.

As has been affirmed numerous times, when failing to satisfy the requirements of Section 6853 by filing an Affidavit of Merit, Courts will not "entertain the case."[10] When deciding to dismiss a case on these grounds, the Court does have discretion and must exercise that discretion in light of the plaintiff's role in failing to adhere to Section 6853.[11] Three elements considered by judges when making such a determination are (1) whether the adversarial party will be prejudiced in not dismissing the case; (2) whether the offending party acted in bad faith; and (3) whether there is merit to the underlying claim.[12]

Claims of prejudice due to further delay in receiving Drummond's Affidavit of Merit are not persuasive because "[a]n Affidavit of Merit is not discoverable under

---

[9]See, for instance, *Enhaili v. Patterson* where the pro se plaintiff was permitted two extensions of time to file the Affidavit of Merit; See also, *Dishmon v. Fucci* where the plaintiff in that case submitted an Affidavit of Merit but failed to include in it a curriculum vitae; See also, *Smith v. Kobasa* where the pro se plaintiff in that case was given extra time upon request when she claimed that the materials needed by her expert to make a determination on her case were incomplete.

[10]*Dishmon*, 32 A.3d at 344 - 45.

[11]*Id.* at 345.

[12]*Id.*

the statute; therefore, the defense would not be prejudiced by a tardy filing."[13] There is no evidence that Drummond's failure to provide an Affidavit of Merit was in bad faith. And finally, there is reason to believe that Drummond does have a valid claim, and this Court recognizes "Delaware's well known public policy that favors permitting a litigant to have his day in court."[14]

The proper course at this juncture for the Court is to allow Drummond from the time of filing of this order until October 30, 2020 to provide the Court and Dr. Junaidi and Bayhealth with a satisfactory Affidavit of Merit as detailed by 18 *Del. C.* Section 6853(a)(1). Failure to do so will compel this Court to find in favor of Dr. Junaidi's and Bayhealth's Motions for Summary Judgment against Drummond.

WHEREFORE, for the foregoing reasons, Defendants Dr. Junaidi's and Bayhealth's Motions to Review Plaintiff's Affidavit of Merit are **DEFERRED** until October 30, 2020.

IT IS SO ORDERED.

/s/  *William L. Witham, Jr.*
Resident Judge

WLW/dmh

---

[13]*Id.*

[14]*Id.* at 344.